

#400

MMB

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY WINBUSH<br>160 South Dennis Drive<br>Clayton, NJ 08312<br><br>and<br><br>DERRICK RHAMAD<br>118 Margate Road, Suite B<br>Upper Darby, PA 19082<br><br>and<br><br>ROBERT N. SHEED<br>2665 Willits Road, Apartment D215<br>Philadelphia, PA 19114,<br><br>Plaintiffs,<br><br>vs.<br><br>LASALLE UNIVERSITY<br>1900 West Olney Avenue<br>Philadelphia, PA 19141<br><br>Defendant. | Case No. 18  3712<br><br>JURY TRIAL DEMANDED<br><br>FILED<br>AUG 29 2018<br>KATE BARKMAN, Clerk<br>By _____ Dep. Clerk |

### COMPLAINT

Plaintiffs Anthony Winbush, Derrick Rhamad, and Robert Sheed ("Plaintiffs"), through their undersigned counsel and for their Complaint against LaSalle University ("LaSalle"), hereby state as follows:

### INTRODUCTION

1. This is an action for damages, injunctive relief, and for a declaratory judgment against LaSalle for violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201,

et seq., the Pennsylvania Minimum Wage Act 43 P.S. §§ 333.101 – 333.115 ("PMWA"), the Pennsylvania Wage Payment Collection Law, 43 P.S. §§260.1 – 260.45 ("WPCL"), and the Philadelphia Wage Theft Ordinance in 9 Phila. Code § 9-4301, et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, as it is a law of the United States.

3. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to their FLSA claims that they form part of the same case or controversy.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff Anthony Winbush is an adult individual residing in Clayton, New Jersey and a non-exempt, hourly, employee of LaSalle.

7. Plaintiff Derrick Rhamad is an adult individual residing in Upper Darby, Pennsylvania and a non-exempt, hourly, employee of LaSalle.

8. Plaintiff Robert Sheed is an adult individual residing in Philadelphia, Pennsylvania and a non-exempt, hourly, employee of LaSalle.

9. Upon information and belief, LaSalle is a nonprofit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 1900 West Olney Avenue, Philadelphia, Pennsylvania

10. LaSalle engages in educational, research, commerce, and other functions, and generates and derives revenue therefrom from individuals and entities within and without this Commonwealth.

11. LaSalle is a covered employer within the meaning of the FLSA, PMWA, and WPCL, and the Wage Theft Ordinance.

## FACTS COMMON TO ALL COUNTS

12. Plaintiff Anthony Winbush and Plaintiff Robert Sheed are Captains in LaSalle's Public Safety Department, and Plaintiff Derrick Rhamad is a Lieutenant in the department.

13. Plaintiffs' positions are not exempt from the overtime requirements of Section 7 of the FLSA, 29 U.S.C. § 207 or under PMWA as they are, *inter alia*, paid on an hourly basis.

14. Plaintiffs worked for LaSalle as non-exempt employees within the meaning FLSA, PMWA, WPCL, and Wage Theft Ordinance during the statutory periods for bringing a cause of action under the terms of those acts.

15. LaSalle utilizes a two week pay period to pay employees in its Public Safety Department.

16. Under LaSalle's payroll policy, each work week in the Public Safety Department commences on Monday and ends on Sunday.

17. For many years, LaSalle has employed a consistent practice of scheduling Plaintiffs for work.

18. During each two week pay period, Plaintiffs are routinely scheduled to work seven (7) days during the first work week of the pay period from Monday through the following Sunday. Then, during the second work week of the pay period, Plaintiffs are scheduled to work three (3) days.

3

19. Plaintiffs' regularly scheduled work day is eight (8) hours.

20. During the first work week of each two week pay period, Plaintiffs routinely work at least 56 hours that week.

21. During the second work week of the pay period, Plaintiffs routinely work at least 24 hours.

22. The FLSA and PMWA require covered employers such as a LaSalle to compensate non-exempt employees for all hours worked in excess of 40 hours in a given work week at one and a half times the employee's regular hourly rate of pay.

23. LaSalle, through its personnel, willfully, unlawfully, routinely, and as a matter of course applies those hours worked during the first work week in excess of 40 hours per week to the second work week when compensating Plaintiffs, thereby making it appear that no or less overtime was worked in a given work week and denying Plaintiffs the overtime compensation to which they are entitled.

24. Stated differently, Plaintiffs' hours worked are unlawfully spread over two work weeks in order to attempt to reduce or eliminate LaSalle's overtime liability to Plaintiffs.

25. As a result of LaSalle's actions, Plaintiffs' payroll records have been unlawfully and fraudulently manipulated to deprive Plaintiffs of the lawful compensation to which they are entitled.

26. Pursuant to 29 C.F.R. Part 516, LaSalle is required to possess and maintain Plaintiffs' time sheets and other accurate records related to its employees' hours worked.

27. LaSalle maintained and exhibited a uniform policy, pattern and practice of willfully failing to pay Plaintiffs and other individuals in the same or comparable positions for all hours worked, and also did not pay them the legally required amount of overtime compensation in an

amount required by law and on a timely basis in violation of the FLSA, PMWA, the WPCL, and the Wage Theft Ordinance.

28. LaSalle has thus intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, PMWA, WPCL, and Wage Theft Ordinance with respect to the Plaintiffs and those similarly situated to them. This policy, pattern, and/or practice includes, but is not limited to willfully failing to pay Plaintiffs and those similarly situated to them the regular rate of pay for all hours up to 40 per week, and overtime wages of one and one-half their regular rate of pay for all hours worked in excess of 40 hours per week.

29. All actions and omissions described in this Complaint were made by LaSalle directly or through its supervisory employees and agents.

30. Upon information and belief, LaSalle's unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA, PMWA, the WPCL, and the Wage Theft Ordinance.

31. LaSalle's failure to comply with the FLSA, PMWA, the WPCL, and the Wage Theft Ordinance was willful and caused Plaintiffs to suffer lost wages and interest thereon.

32. LaSalle's unlawful conduct has been widespread, repeated, and consistent over the course of many years.

### COUNT I
### VIOLATION OF THE FLSA

33. Plaintiffs repeat, reaffirm, and reallege paragraphs 1 through 32 of the Complaint as if they were fully restated at length herein.

34. The FLSA requires, pursuant to 29 U.S.C. § 206, that all employers pay their employees at least a minimum wage for all hours worked.

35. The FLSA requires, pursuant to 29 U.S.C. § 207, that non-exempt employees be compensated at one and a half times their regular hourly rate of pay for all hours worked in excess of forty hours per week.

36. Plaintiffs, by virtue of their position and LaSalle's failure to pay them on a salaried basis, are non-exempt employees.

37. By improperly reallocating and spreading the hours Plaintiffs worked in a two week pay period over two weeks, LaSalle denied and continues to deny Plaintiffs the overtime compensation to which they are entitled.

38. LaSalle's failure to pay Plaintiffs the overtime compensation to which they are entitled is a violation of the FLSA.

39. As a result of LaSalle's violation of the FLSA, there is now a sum due and owing from it in an amount that is not yet determined.

40. LaSalle's violation of the FLSA has been willful.

41. As a result of LaSalle's violation of the FLSA, Plaintiffs are entitled to all wages due and owing, an equal amount as liquidated damages, their costs, and their reasonable attorneys' fees, all in an amount to be determined at trial. *See* 29 U.S.C. § 216.

## COUNT II
## **VIOLATION OF THE PMWA**

42. Plaintiffs repeat, reaffirm, and reallege paragraphs 1 through 41 of the Complaint as if they were fully restated at length herein.

43. The PMWA requires, pursuant to 43 P.S. § 333.104, that all employers pay their employees at least a minimum wage for all hours worked.

6

44. The PMWA requires, pursuant to 43 P.S. § 333.104(c), that non-exempt employees be compensated at one and a half times their regular hourly rate of pay for all hours worked in excess of forty hours per week.

45. Plaintiffs by virtue of their position and LaSalle's failure to pay them on a salaried basis, are non-exempt employees within the meaning of the PMWA.

46. By improperly reallocating and spreading the hours Plaintiffs worked in a two week pay period over two weeks, LaSalle denied and continues to deny Plaintiffs the overtime compensation to which they are entitled.

47. LaSalle's failure to pay Plaintiffs the overtime compensation to which they are entitled is a violation of the PMWA.

48. As a result of LaSalle's violation of the PMWA, there is now a sum due and owing from it in an amount that is not yet determined.

49. LaSalle's violation of the PMWA has been willful.

50. As a result of LaSalle's violation of the PMWA, Plaintiffs are entitled to all wages due and owing, liquidated damages, their costs, and their reasonable attorneys' fees, all in an amount to be determined at trial. *See* 43 P.S. § 333.113.

### COUNT III
### VIOLATION OF THE WPCL

51. Plaintiffs repeat, reaffirm, and reallege paragraphs 1 through 50 of the Complaint as if they were fully restated at length herein.

52. At all relevant times, Plaintiffs were employed by LaSalle within the meaning of the WPCL.

53. LaSalle is an employer within the meaning of the WPCL.

54. Pursuant to the WPCL, every employer shall pay all wages, other than fringe benefits and wage supplements, due to its employees on regular paydays designated in advance by the employer.

55. By repeatedly and unjustifiably failing to pay Plaintiffs the wages owed to them as alleged herein, LaSalle has violated the WPCL.

56. Pursuant to the WPCL, any employee to whom any type of wage is payable may institute an action under the WPCL to recover unpaid wages, fringe benefits, and liquidated damages, as well as costs and reasonable attorneys' fees, in any court of competent jurisdiction for and on behalf of himself. 43 P.S. §§ 260.9a, 260.10.

57. LaSalle is thus liable to Plaintiffs for all wages owed, fringe benefits, liquidated damages as permitted in 43 P.S. §§ 260.9a and 260.10, his costs, and reasonable attorneys' fees.

## COUNT IV
## PHILADELPHIA WAGE THEFT ORDINANCE

58. Plaintiffs repeat, reaffirm, and reallege paragraphs 1 through 57 of the Complaint as if they were fully restated at length herein.

59. The Philadelphia Wage Theft Ordinance, 9 Phila. Code §§ 9-4301, et seq. requires employers to comply with Pennsylvania and federal laws regulating the payment of wages, including overtime wages. See 9 Phila. Code § 9-4301.

60. The Wage Theft Ordinance is a lawfully enacted ordinance and exercise of power of a city of the first class under the Home Rule Act, 53 P.S. § 13131. See *Commonwealth v Cabell*, 185 A.2d 611 (Pa. Commw. Ct. 1962).

61. LaSalle is subject to the wage payment requirements of the Wage Theft Ordinance because LaSalle is an "employer" under 9 Phila. Code § 9-4301.

62. During all relevant times, Plaintiffs were and are "employee[s]" under the Wage Theft Ordinance. See 9 Phila. Code § 9-4301.

63. LaSalle failed to compensate Plaintiffs for all hours worked, as well as for overtime wages for hours worked more than forty (40) in a workweek, in violation of the Wage Theft Ordinance. 9 Phila. Code § 9-4301.

64. No good faith contest exists as to the wages owed to Plaintiffs by LaSalle.

65. LaSalle's violations of the Wage Theft Ordinance are willful and wanton.

66. Pursuant to 9 Phila. Code §§ 9-4305(1) and 9-4307, employers, such as LaSalle, who fail to pay an employee wages in conformance with the Wage Theft Ordinance shall be liable to the employee for the unpaid wages due, costs, reasonable attorneys' fees, and penalties.

67. LaSalle is in violation of the Wage Theft Ordinance by failing to pay Plaintiffs for all compensable time and for overtime wages due.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request that the Court grant them the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the PMWA, the WPCL, and the Wage Theft Ordinance;

d. An injunction requiring LaSalle to cease its unlawful practices under, and comply with, the FLSA, PMWA, WPCL, and the Wage Theft Ordinance;

e. An award of unpaid wages to Plaintiffs to be determined regular rate of pay for those hours worked up to 40 hours per week;

f. An award of overtime wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half time the regular rate of pay due under the FLSA and the PMWA;

9

  g. An award of liquidated and/or punitive damages as a result of LaSalle's willful violation of the FLSA pursuant to 29 U.S.C. § 216 and/or Pennsylvania law, as well as penalties under the Wage Theft Ordinance;

  h. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

  i. An award of prejudgment and post-judgment interest;

  j. An award of costs and expenses of this action together with reasonable attorneys' fees and costs; and

  k. Such other and further relief as this Court deems just and proper.:

## JURY TRIAL DEMAND

Plaintiffs demands a trial by jury for all issues of fact.

Respectfully submitted,

Adam Harrison Garner (Bar I.D 320476)
The Garner Firm, Ltd.
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 645-5955 (Tel)
(215) 645-5960 (Fax)
adam@garnerltd.com

*Attorney for Plaintiffs*

Dated: August 29, 2018

FILED
AUG 29 2018
KATE BARKMAN, Clerk
____ Dep. Clerk